## Cornelius Desmond

*v.*

## St. Louis, Alton and Terre Haute Railroad Co.

1. Evidence—*note of a third party not admissible without explanation.* In a suit against the St. Louis, Alton and Terre Haute Railroad Company, promissory notes purporting to have been executed by the Terre Haute, Alton and St. Louis Railroad Company are not admissible as evidence of indebtedness without proof that the two companies are the same, known by different names, or that the company sued is liable for the indebtedness of the company executing the notes.

2. The fact that the company sued was authorized by law to purchase the road of the company giving the notes, upon condition it should pay the debts of the latter, will not be sufficient to make the defendant company liable. It should further be shown that it purchased the road of the other, to make it liable for the other company's debts.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. E. R. Davis, for the appellant.

Mr. R. A. Halbert, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It appears that appellant was, in 1858, employed by the Terre Haute, Alton and St. Louis Railroad Company as a switchman; that he labored for the company for four months, at $35 per month. On the 20th of January, 1859, he was paid by the company one-half of what was due him, in money, and, for the other half, the paymaster gave to him fourteen notes similar to the following:

"St. Louis, *January* 20, 1859.

"Due from the Terre Haute, Alton and St. Louis Railroad Company to the bearer, for value received, five dollars, payable at the company's office, in St. Louis, on and after the 20th day of October, 1859, (and receivable after that date, at

any agency of the company, in payment for transportation of freight or passengers,) with interest at the rate of 6 per cent per annum until paid.

THE TERRE HAUTE AND ST. LOUIS RAILROAD CO.

By C. MURDOCK, *Treasurer.*

"Not valid until countersigned by James A. Rayman, Vice President."

That after they fell due, appellant presented them for payment, but it was refused; that he had held them ever since. He testified that they were given to him for his labor on the road.

An action was brought by appellant on these notes before the East St. Louis city court, where, a trial being had, he recovered a judgment for the amount specified in the notes, with interest. The company appealed to the circuit court, where the case was tried by the court, without a jury, by consent of the parties. The court found for the defendant, and rendered a judgment against plaintiff for costs, and he brings the case to this court on appeal, and asks a reversal, because, he claims, the instruments have never been paid.

On the trial below, appellant offered in evidence the notes sued upon, and appellee objected, and the court rejected the same, and appellant excepted. Did the court below err in rejecting this evidence? The instruments purported to have been made by the Terre Haute, Alton and St. Louis Railroad Company, whilst the suit is against the St. Louis, Alton and Terre Haute Railroad Company. They seem to be wholly different organizations. There is nothing in the record to show that they are the same company, known by different names, or that the company sued is in any manner liable to pay the indebtedness for which suit was brought, nor did appellant offer to follow up this evidence by showing that appellee had become liable for its payment. This being the case, it was the same as if suit were brought against one person, and the note of another was offered in evidence to support the action, which all know could not be done. Appel-

lant should have offered to follow up this proof with evidence showing the liability of appellee. This evidence was, therefore, properly rejected.

It is, however, urged that the St. Louis, Alton and Terre Haute Railroad Company was organized under the act of 1861, p. 530 (Private Laws), which authorized the purchase of the Terre Haute, Alton and St. Louis railroad, and the organization of appellee's company. The 12th section of that act makes it a condition to the organization of the company, that they shall pay, for the Terre Haute, Alton and St. Louis Railroad Company, all *bona fide* claims or judgments for stock heretofore killed by that company, and claims for right of way, etc., and all just dues for work and labor done, and for wood and ties furnished or taken for that company, and it appears that these notes were given for work and labor thus performed.

The radical defect in the evidence is, that it fails to appear appellee ever purchased this road, or organized under the act of 1861, nor did appellant offer to prove that fact. Until that was proved, there could be no pretense for a recovery.

We perceive no error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*